IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE OLIVER BRACKEEN (TDCJ No. 2196751),<br><br>　　Plaintiff,<br><br>V.<br><br>BILL WAYBORN, Tarrant County Sheriff,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:19-cv-1695-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff George Oliver Brackeen, now a Texas prisoner, filed a *pro se* civil rights complaint alleging that injuries he suffered through an attack by another inmate while at the Tarrant County jail required reconstructive surgery, surgery that he did not receive prior to being transferred to state custody. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* transfer this case to the Fort Worth Division of this district.

**Applicable Background, Legal Standards, and Analysis**

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). The section provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial

part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*." (collecting cases)).

Because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Tarrant County, within the Fort Worth Division of the Northern District of Texas, *see* 28 U.S.C. § 124(a)(2), the undersigned concludes that this action should be transferred to that division of this district.

## Recommendation

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE